LEON GREENBERG, ESQ., SBN 8094
RUTHANN DEVEREAUX-GONZALEZ, ESQ., SBN 15904
Leon Greenberg Professional Corporation
1811 S. Rainbow Blvd- Suite 210
Las Vegas, Nevada 89146
Tel (702) 383-6085
Fax (702) 385-1827
leongreenberg@overtimelaw.com
Ranni@overtimelaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VERONICA GARCIA, and FERNANDO MARMOLEJO, Individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>TERIYAKI BOY, INC., SMITH and PRAFEROSA LLC, DOUBLE DRAGON FOOD CORPORATION, LLC, MAMA HOPE and DELIGHT 47, LLC, PAPA NORTH STORE, INC., JOLLY FOODS, LLC, TERIYAKI BOY USA FRANCHISING COMPANY, LLC, TERIYAKI BOY IP, LLC, ELIZABETH SMITH, BRAD SMITH, and XYZ Corporations I to XX, name fictitious true name of number of entities being unknown,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT** |

COMES NOW Plaintiffs, VERONICA GARCIA, and FERNANDO MARMOLEJO, Individually (the "named Plaintiffs") and on behalf of others similarly situated by and through their attorneys, Leon Greenberg Professional

Corporation, as and for a Complaint for Violation of the Fair Labor Standards Act and Nevada State Law alleges as follows:

**JURISDICTION, PARTIES AND PRELIMINARY STATEMENT**

1. This Court has original federal question jurisdiction over the claims presented herein pursuant to the Act of June 25, 1938, ch 676, 52 Stat 1069, 29 USC Sections 201-219, known as the Fair Labor Standards Act ("the FLSA" or "the Act"), a law of the United States regulating interstate commerce, and specifically under the provisions of Section 16 of said act, as amended (29 U.S.C. § 216(b)). The Court has supplemental jurisdiction over the State Law claims alleged herein pursuant to 28 U.S.C. § 1367(a).

2. The Plaintiffs, VERONICA GARCIA, and FERNANDO MARMOLEJO, are currently residents, and during all relevant times were residents, of Clark County, Nevada, and are now former employees of the Defendants.

3. Defendants TERIYAKI BOY, INC., and PAPA NORTH STORE, INC. (some of the “Corporate Defendants”) are domestic corporations formed and existing pursuant to the Laws of the State of Nevada each having its principal place of business in Clark County, Nevada.

4. Defendant SMITH and PRAFEROSA LLC, DOUBLE DRAGON FOOD CORPORATION, LLC, MAMA HOPE and DELIGHT 47, LLC, JOLLY FOODS, LLC, TERIYAKI BOY USA FRANCHISING COMPANY, LLC,

TERIYAKI BOY IP, LLC (some of the “Corporate Defendants”) are all domestic limited liability companies formed and existing pursuant to the Laws of the State of Nevada each having their principal place of business in Clark County, Nevada.

5. The Corporate Defendants in respect to the activities of Plaintiffs and those similarly situated pay such persons as employees for their labor through a common payroll, share and interchangeably use the same equipment and personnel, engage in joint and overlapping activities, and are subject to common management, ownership, and control, and for the purposes of the FLSA constitute a single enterprise and joint employers of the Plaintiffs and the persons similarly situated to the Plaintiff.

6. The Defendants, ELIZABETH SMITH and BRAD SMITH, are residents of Clark County, Nevada.

7. The Defendants, ELIZABETH SMITH and BRAD SMITH, are the managers of each of the Corporate Defendants.

8. The Defendant, ELIZABETH SMITH, is the owner of each of the Corporate Defendants.

9. The Defendants ELIZABETH SMITH and BRAD SMITH (the “Individual Defendaares”) as the controlling owners, managers, members, and/or agents of the Corporate Defendants and, as detailed herein, have acted as an “employer or agents of an employer” of the Plaintiffs and the putative FLSA

collective action members within the meaning of the FLSA and as a result is fully liable for all claims made herein arising under the FLSA.

10. The Individual Defendants are personally liable for the FLSA violations alleged herein, and have "acted as an employer" within the meaning of the FLSA as alleged in paragraph 9 by committing the following acts and/or omissions: By having the Plaintiffs and other similarly situated employees regularly perform 40 or more hours of work per week without the payment of overtime ("time and one-half pay") for all hours they worked in excess of 40 hours per week as required by the FLSA. Such circumstances and policies were imposed by the Corporate Defendants pursuant to the Individual Defendants' orders and/or as a result of the Individual Defendants' other decision making and/or the express assent, agreement and knowledge despite the Individual Defendants' likely awareness such policies were in violation of the FLSA and their ability and authority to stop such violations of the FLSA, such failure by the Individual Defendants to act and/or inform themselves of the illegality of such actions being intentional and/or willful and/or wanton and reckless as the profitability of the Corporate Defendants and the Individual Defendants' personal enrichment was advanced by such violations of the FLSA and the Individual Defendants substantially profited from the Corporate Defendants' FLSA violations and as a result took no actions to prevent or correct such violations.

11. The "XYZ Corporations I to XX" Defendants are entities whose identities are currently unknown to the Plaintiffs but when their identities are known will be appropriately identified in this case through an amended pleading, such "XYZ Corporations I to XX" entities are alleged to be liable to the Plaintiffs and other persons similarly situated for the same reasons and in the same fashion that the Corporate Defendants are alleged to be liable to the Plaintiffs and such similarly situated persons and all allegations and claims in this complaint made as to the Corporate Defendants are to be understood to also be against the "XYZ Corporations I to XX" Defendants.

12. The Corporate Defendants did not operate as truly independent and distinct business entities respecting and abiding by legally necessary corporate, tax, and accounting standards. They, along with the Individual Defendants, engaged in a widespread scheme of tax evasion by collectively running their business known as "Teriyaki Boy" as a "cash-off-the-books" business operation. More specifically, they took the cash receipts from customers garnished at all of the various Teriyaki Boy business locations and reported none of those receipts as revenues on the books and accounting and tax records of any of the Defendants. Instead they evaded the potential payment of any taxes that might be owed on the profit earned from such cash receipts with such receipts being used, in part, to pay compensation to the Plaintiffs and Defendants' other employees (that compensation not reported on any payroll or tax records) with

the remainder of such cash being taken by the Individual Defendants. Accordingly, all of the Defendants, collectively, are properly deemed to be general partners as a matter of law of their joint "Teriyaki Boy" enterprise and employers of the Plaintiffs and other similarly situated and jointly liable for all of the claims alleged herein.

13. The Corporate Defendants and the Individual Defendants are engaged in a for-profit business which has gross revenue in excess of $500,000 per annum and are engaged in the production of goods for interstate commerce and/or the use and/or handling of goods which have moved in interstate commerce as such terms are defined in the FLSA and are for those reasons and/or other reasons are employers subject to the jurisdiction of the FLSA.

**AS AND FOR A FIRST CLAIM FOR RELIEF PURSUANT TO THE FAIR LABOR STANDARDS ACT ON BEHALF OF THE NAMED PLAINTIFFS AND ALL OTHERS SIMILARLY SITUATED AGAINST THE DEFENDANTS FOR UNPAID OVERTIME WAGES**

14. The named Plaintiffs bring this First Claim for Relief pursuant to 29 U.S.C. § 216(b) against the Defendants on behalf of themselves and all other similarly situated persons, if any, who consent in writing to join this action, the FLSA collective action members.

15. Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 207, the named Plaintiffs and the FLSA collective action members were entitled to an overtime hourly wage of time and one-half their regular hourly wage for all

hours worked in excess of forty hours per week, the named Plaintiffs and the FLSA collective action members worked more than 40 hours per week for the Defendants and such Defendants willfully failed to make said overtime wage payments.

16. Upon information and belief, the Defendants' policy of not paying overtime wages required by the FLSA was universal and applied to all of its employees in all hourly compensated positions in the State of Nevada, the Defendants operating five (5) public food and beverage locations, in Nevada.

17. In respect to the particular week or weeks during which the named Plaintiffs worked in excess of 40 hours, but did not receive the time and one-half pay required by the FLSA, such Plaintiffs alleges as follows:

(a) Plaintiff Veronica Garcia separated from her employment with the Defendants in or around October 2024. She worked more than 40 hours per week the majority of the weeks beginning in January 2024 through October 15, 2024 when she separated from her employment.

(b) Plaintiff Fernando Marmolejo separated from his employment with Defendants in or around May of 2025. He worked more than 40 hours per week the majority of the weeks beginning in January 2025 until May of 2025 when he separated from his employment.

The named Plaintiffs will be able to provide a more detailed and precise statement of their unpaid FLSA overtime hours after conducting appropriate discovery in this case.

18. The Defendants' violations of the applicable overtime pay provisions of the FLSA, 29 U.S.C. § 207, were willful.

19. The named Plaintiffs on behalf of themselves and all other members of the putative FLSA collective action who consent in writing to join this action, seek, on this First Claim for Relief, a judgment for unpaid overtime wages and additional liquidated damages of 100% of any unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to the named Plaintiffs and any such other persons who consent to join this action, and the Plaintiffs also seeks an award of attorney's fees, interest and costs as provided for by the FLSA.

**AS AND FOR A SECOND CLAIM FOR RELIEF PURSUANT TO NRS 608.018 ON BEHALF OF THE NAMED PLAINTIFFS AND ALL OTHERS SIMILARLY SITUATED AGAINST THE DEFENDANTS**

20. The named Plaintiffs bring this Second Claim for Relief pursuant to NRS 608.018 against the Defendants on behalf of themselves and all other similarly situated persons who are properly members of a class of similarly situated persons in respect to such claim as provided for by FRCP Rule 23.

21. The NRS 608.018 class may include one or more sub-classes if the Court finds that more manageable.

22. The members of the NRS 608.018 class are sufficiently numerous to render the joinder of all such persons individually in one action impracticable and the identity and number of such class members is readily ascertainable by a review of the Defendants' records through appropriate discovery.

23. There is a well-defined community of interest in the questions of law and fact affecting the members of the NRS 608.018 class as a whole.

24. Proof of a common or single set of facts will establish the right of each member of the NRS 608.018 class. These common questions of law and fact predominate over questions that affect only individual class members. The named Plaintiffs' claims are typical of those of the other members of such class.

25. A class action is superior to other available methods for the fair and efficient adjudication of the NRS 608.018 class member claims. Due to the typicality of such class members' claims, the interests of judicial economy will be best served by adjudication of this lawsuit as a class action in respect to such claims. This type of case is uniquely well-suited for class treatment since the Defendants' practices were uniform and the burden is on them to establish that their methods for compensating the class members complies with the requirements of Nevada law.

26. The named Plaintiffs will fairly and adequately represent the interests of the NRS 608.018 class and have no interests that conflict with or are antagonistic to the interests of such class and have retained to represent them competent counsel experienced in the prosecution of class action cases and will thus be able to appropriately prosecute this case on behalf of such class.

27. The named Plaintiffs and their counsel are aware of their fiduciary responsibilities to the members of the proposed class and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for all members of the proposed class.

28. There is no plain, speedy, or adequate remedy other than by maintenance of the NRS 608.018 class claims as a class action. The prosecution of individual remedies by members of such class will tend to establish inconsistent standards of conduct for the Defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. In addition, the class members' individual claims are small in amount, and they have no substantial ability to vindicate their rights and secure the assistance of competent counsel to do so, except by the prosecution of a class action case.

29. The named Plaintiffs on behalf of themselves and all other members of the NRS 608.018 class seek a judgment for unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages

actually paid to the named Plaintiffs and the other class members along with an award of attorney's fees, interest and costs as provided for by Nevada law.

**AS AND FOR A THIRD CLAIM FOR RELIEF PURSUANT TO NRS 608.135, 608.040 and 608.050 ON BEHALF OF THE NAMED PLAINTIFFS AND ALL OTHERS SIMILARLY SITUATED AGAINST THE DEFENDANTS**

30. The named Plaintiffs bring this Third Claim for Relief pursuant to NRS 608.135 against the Defendants on behalf of themselves and all other similarly situated persons who are properly members of a class of similarly situated persons in respect to such claims as provided for by FRCP Rule 23.

31. The class of persons alleged by the named Plaintiffs to be similarly situated for the purpose of this Third Claim for Relief (the "NRS 608.135 class") are all of the persons who were formerly employed by the Defendants, such as the named Plaintiffs, who are also members of the NRS 608.018 class and/or the FLSA collective action and have terminated their employment with the Defendants and have not been paid their full wages owed to them by the Defendants within the time period after such employment terminated, as provided for by NRS 608.020 or 608.030 and as a result have a claim against the Defendants for the relief and damages provided for by NRS 608.040 and 608.050, to wit, the payment of up to 30 days of wages pursuant to each such statute as a continuing wage payment or as a penalty as a result of the Defendants' failure to pay such persons their full wages within the time period

specified by Nevada law after such persons' termination of their employment with the Defendants.

32. The NRS 608.135 class may include one or more sub-classes if the Court finds that more manageable.

33. The members of the NRS 608.135 class are sufficiently numerous to render the joinder of all such persons individually in one action impracticable and the identity and number of such class members is readily ascertainable by a review of the Defendants' records through appropriate discovery.

34. There is a well-defined community of interest in the questions of law and fact affecting the NRS 608.135 class as a whole.

35. Proof of a common or single set of facts will establish the right of each member of the NRS 608.135 class to recover. These common questions of law and fact predominate over questions that affect only individual class members. The named Plaintiffs' claims are typical of those of the other members of such class.

36. A class action is superior to other available methods for the fair and efficient adjudication of the NRS 608.135 class claims. Due to the typicality of such class members' claims, the interests of judicial economy will be best served by adjudication of this lawsuit as a class action in respect to such claims. This type of case is uniquely well-suited for class treatment since the relevant facts regarding the conduct of the Defendants are the same for all such class members.

37. The named Plaintiffs will fairly and adequately represent the interests of the NRS 608.135 class and have no interests that conflict with or are antagonistic to the interests of such class and have retained to represent them competent counsel experienced in the prosecution of class action cases and will thus be able to appropriately prosecute this case on behalf of such class.

38. The named Plaintiffs and their counsel are aware of their fiduciary responsibilities to the members of the proposed class and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for all members of the proposed class.

39. There is no plain, speedy, or adequate remedy other than by maintenance of the NRS 608.135 class claims as a class action. The prosecution of individual remedies by members of such class will tend to establish inconsistent standards of conduct for the Defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. In addition, the class members' individual claims are small in amount, and they have no substantial ability to vindicate their rights and secure the assistance of competent counsel to do so, except by the prosecution of a class action case.

40. As a result of the foregoing the Plaintiffs and the members of the NRS 608.135 class seek a judgment against the Defendants for all damages, wages, and penalties properly awarded to them pursuant to NRS 608.040 and 608.050

along with the other relief, such as a lien on such Defendants' property, granted under such statutes, along with interest, costs and attorney's fees.

Wherefore, the Plaintiffs demand a judgment on all claims for relief as alleged aforesaid.

Plaintiffs demand a trial by jury on all issues so triable.

Dated this 5th day of June 2026

Leon Greenberg Professional Corporation

By*: /s/ Ruthann Devereaux-Gonzalez*
Ruthann Devereaux-Gonzalez, Esq.
Nevada Bar No.: 15904
1811 South Rainbow Blvd - Suite 210
Las Vegas, Nevada 89146
(702) 383-6085

*Attorneys for Plaintiffs*

CONSENT TO JOINDER

Veronica Garcia, by signing below, hereby consents to join this case as a plaintiff pursuant to 29 U.S.C. 216(b).

Veronica Garcia

CONSENT TO JOINDER

Fernando Marmolejo, by signing below, hereby consents to join this case as a plaintiff pursuant to 29 U.S.C. 216(b).

Fernando Marmolejo